IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARISELI GOMEZ (now known as MARISELI GOMEZ BELL), Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION, a national banking association,<br><br>Defendant. | 1:12-cv-1274<br><br>Judge Thomas Durkin |

## ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, upon consideration of the Class Plaintiff's Motion for Final Approval of the Settlement (ECF 129), the Court hereby grants the Motion and ORDERS as follows:

Class Plaintiff's Motion for Final Approval of the Settlement came before this Court on July 21, 2016. The proposed settlement in this case was preliminarily approved by this Court on February 9, 2016. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court hereby grants final approval of the Class and Collective Action Settlement based upon the terms set forth in the Preliminary Approval Order and the Stipulation and Settlement Agreement ("Settlement") filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Class.

1. The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Classes have at all times been adequately represented by the Class Representatives and Class Counsel.

2. For the purposes of this Order, the following PNC Bank branches are defined as the "26 PNC Branches," all of which are located in Illinois:

   a. Algonquin;

   b. Bloomington (at Market Street & JC Parkway);

   c. Bolingbrook (on Weber Road);

   d. Buffalo Grove;

   e. Carpentersville;

   f. Chicago (at 18th & Clark);

   g. Chicago (at 35th & State);

   h. Chicago (at 87th & Cottage Grove);

   i. Chicago (at Broadway & Berwyn);

   j. Chicago (at LaSalle & Kinzie);

   k. Chicago (at Lincoln Park, at Clark & Lincoln);

   l. Chicago (at Madison & Leavitt);

   m. Chicago (at North & Homan);

   n. Chicago (at State & Huron);

   o. Downers Grove (on 75th Street);

   p. Elgin (on Summit Street);

   q. Fox Lake;

   r. Loves Park;

   s. North Aurora;

   t. Orland Park West;

    u. Park Ridge;

    v. Rockford (on Riverside Blvd.);

    w. Schaumburg (on Roselle Road);

    x. West Aurora;

    y. Wheaton-Danada; and

    z. Oak Brook.

3. For settlement purposes only, the following collective action is certified pursuant to 29 U.S.C. § 216(b):

> The fulltime, non-exempt employees who worked at any of the 26 PNC Branches from February 22, 2009 through October 13, 2015, and who opted in to this action by filing their written Claim & Consent to Join Settlement form prior to June 3, 2016.

4. For settlement purposes only, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23:

> The 583 people who:
> (a) Were employed by PNC Bank (or any of its predecessors) on a full-time basis at any point between February 22, 2009 and October 13, 2015 (the "Class Period");
> (b) Were classified by PNC Bank as non-exempt from the overtime laws;
> (c) Worked in one of the 26 PNC Branches during the Class Period.
> A list of those 583 people has been filed with the Court. Specifically excluded from this Class are employees that PNC Bank had classified as exempt and employees working as mortgage loan officers. Also excluded are any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

5. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were

3

returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, the request for an enhancement payment to the Named Plaintiff, and Class Counsel's motion for an award of attorneys' fees and costs.

6. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

7. Three class members opted out of the Class, leaving 580 members remaining in the Class.

8. The Court has concluded that the Settlement, as set forth in the Stipulation and Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including Rule 23(e) of the Federal Rules and the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $1,500,000 Settlement Amount established pursuant to the Stipulation and Settlement Agreement.

9. The Settlement is HEREBY APPROVED in its entirety.

10. The Settlement Fund shall be disbursed in accordance with the Stipulation and Settlement Agreement.

11. Pursuant to the Stipulation and Settlement Agreement, the Court approves an enhancement payment in the amount of $5,000 to Representative Plaintiff Mariseli Gomez Bell.

12. The Court is ruling on Plaintiff's Petition for an award of attorneys' fees and reimbursement of costs in a separate Order..

13. This case is hereby DISMISSED, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce

the Stipulation and Settlement Agreement, including over disbursement of the Settlement Amount, and to rule on the Petition for an Award of Attorneys' Fees and Reimbursement of Costs. Absent further Order of Court, the Dismissal in this Order shall convert to a DISMISSAL WITH PREJUDICE six (6) months after the entry of this Order.

14. As provided in the Stipulation and Settlement Agreement, all Rule 23 Class Members who did not opt out of the Settlement have released all Released State Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

15. As provided in the Stipulation and Settlement Agreement, all Participating Claimants who properly and timely submitted Claim & Consent to Join Settlement Forms have released all Released State Law Claims and all Released Federal Law Claims against the Defendant Releasees as defined in the Stipulation and Settlement Agreement.

16. The Court hereby approves an award of $24,925 to KCC Class Action Services, LLC, the Claims Administrator, for settlement administration costs.

17. This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically denies any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have. Neither the fact of, nor any provision contained in the Stipulation and Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or

admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

18. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

BY THE COURT,

Date: 7/22/16

The Honorable Thomas Durkin
U.S. District Court Judge